**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| BRYAN ADAMS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 2:10-CV-00060-RWS |
| RABUN COUNTY JAIL, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

**ORDER**

This case is before the Court for consideration of Plaintiffs' Motions for Reconsideration [14 and 15]. After reviewing the record, the Court enters the following Order.

Plaintiff filed the original Complaint [1] on April 12, 2010. On May 3, 2010, Magistrate Judge Susan S. Cole entered an Order [2] directing Plaintiff to pay the standard filing fee or execute and return a financial affidavit seeking leave to proceed *in Forma Pauperis*. He was also ordered to file an amended complaint. When Plaintiff submitted those documents to the Court, they were filed as a new action under Case No. 2:10-CV-104-RWS. On July 13, 2010,

Judge Cole entered an Order directing that Case No. 2:10-CV-104-RWS be closed and that the Complaint and Affidavit filed therein be refiled in this action. The Amended Complaint [4] and Affidavit and Authorization for Withdrawal [5] were filed in this action by the Clerk.

On July 14, 2010, Judge William C. O'Kelley entered an Order [6] assigning the case to the undersigned. Notice of the Judge Reassignment [7] was mailed to Plaintiff by the Clerk on July 14, 2010.

On July 20, 2010, Judge Cole entered an Order [8] allowing Plaintiff to proceed *in Forma Pauperis* but requiring the Warden or his designee to collect monthly payments toward the filing fee. The Clerk forwarded a copy of the Order to the Warden of the Rabun County Jail and to Plaintiff on July 20, 2010.

On July 22, 2010, the copy of the Order reassigning the case [6] was returned to the Clerk as "not deliverable." On July 26, 2010, the Clerk received a letter [10] from the Rabun County Detention Center advising that Plaintiff had been transferred from that institution and stating that the Detention Center did not have a location for Plaintiff and was unable to forward the Order to him. On July 29, 2010, the Order [8] allowing Plaintiff to



AO 72A
(Rev.8/82)

proceed *in Forma Pauperis* was returned to the Clerk marked “no longer at facility.”

On November 1, 2010, the Court entered an Order [12] dismissing the Complaint without prejudice due to Plaintiff having failed to keep the Court informed of his current address. On November 19, 2010, Plaintiff filed Motions for Reconsideration [14 and 15] requesting that the Court reconsider dismissal of his action because he never received the Orders requiring him to keep the Court advised of his address. Also, he asserts that the Rabun County authorities were aware of the location of his transfer and intentionally failed to forward his mail to him.

Because Plaintiff was transferred so early in his case, he was never directly advised of his obligation to keep the Court advised of his address at all times. Considering his *pro se* status, the Court finds that justice requires that the case be re-opened.

Therefore, Plaintiff’s Motions for Reconsideration [14 and 15] are hereby **GRANTED**. The Clerk shall re-open the case. Also, the Clerk shall send a copy of the July 20, 2010 letter to the Warden at Coffee Correctional Facility and to Plaintiff.

It is further **ORDERED** that this case be **REFERRED** to Magistrate Judge Susan S. Cole.

**SO ORDERED**, this _23rd_ day of June, 2011.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE



AO 72A
(Rev.8/82)