**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| BRYAN ADAMS,<br>GDC ID # 279977,<br>Plaintiff,<br><br>v.<br><br>NURSE ELIZABETH TURNER,<br>Rabun County Jail,<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO.<br>2:10-CV-00060-RWS-SSC<br><br><br><br><br>PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983 |

**ORDER**

Plaintiff, a Georgia prisoner, has submitted this *pro se* civil rights action, as amended, seeking relief under 42 U.S.C. § 1983 [Docs. 1, 4], and has been granted *in forma pauperis* status [Doc. 8]. The matter is now before the Court on Plaintiff's complaint [Docs. 1, 4] and his motion for appointment of counsel [Doc. 17].[1]

## I. The Legal Framework

### A. 28 U.S.C. § 1915A Review

Title 28 U.S.C. § 1915A requires a federal court to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or from an officer or employee of such an entity, to determine whether the complaint

[1] This case was closed due to Plaintiff's failure to update his address [see Docs. 9-13], but then reopened upon Plaintiff's motions for reconsideration explaining that he had been transferred to state prison [see Docs. 14-16]. The website for the Georgia Department of Corrections reveals that Plaintiff was transferred to state prison on or about June 29, 2010. See Ga. Dep't of Corr.--Offender Search, http://www.dcor.state.ga.us/GDC/OffenderQuery/jsp/OffQryForm.jsp (search via GDC ID no. 279977) (last visited Apr. 2, 2012). Although Plaintiff failed to name a defendant in his original complaint [Doc. 1], he has named Nurse Elizabeth Turner in his amended complaint [Doc. 4]. Accordingly, the Clerk is **DIRECTED** to adjust the style of the case to reflect that Nurse Turner is the sole Defendant and to send to the Warden of Plaintiff's place of incarceration the Order granting Plaintiff *in forma pauperis* status [Doc. 8], inasmuch as Plaintiff has made no payments to date toward the $350.00 filing fee in this action.

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous when it "has little or no chance of success"—for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or "the defendant's absolute immunity justifies dismissal before service of process." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir.) (internal quotations omitted), cert. denied, 510 U.S. 893 (1993). A complaint fails to state a claim unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 678-79. To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." Id. at 679; see also Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal"), cert. denied, 540 U.S. 872 (2003).

**B. 42 U.S.C. § 1983 Cause of Action**



AO 72A
(Rev.8/82)

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010). If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because plaintiffs' factual allegations were insufficient to support the alleged constitutional violation), cert. denied, 540 U.S. 1219 (2004).

## II. The Complaint

Plaintiff claims that by May 4, 2010, the date he executed his amended complaint, he had been at the Rabun County Jail for nine months, and during that time Defendant had denied him adequate medical care for his "broke off teeth," from which he had been "suffering every day" and only one of which had been pulled, leaving five others in need of the same treatment. (Doc. 1 at 1; Doc. 4 at 2). Plaintiff also complains about the five dollar fee he was required to pay each time he sought medical attention and about the lack of adequate pain medication, which apparently caused him to "suffer all the time." (Doc. 4 at 2). Plaintiff does not specify the relief he seeks in this action. (See id. at 3).

## III. Discussion

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (internal citation omitted). Thus the government has an "obligation to provide medical care for those whom it is punishing by incarceration." Id. at103. The Court explained in Gamble that "[a]n inmate must rely on prison authorities to treat his medical needs . . . , denial of medical care may result in pain and suffering . . . [and t]he infliction of such unnecessary suffering is inconsistent with contemporary standards of decency as manifested in modern legislation codifying the commonlaw view that it is but just that the public be required to care for the prisoner, who cannot by reason of the deprivation of his liberty, care for himself." Id. at 103-04 (citations omitted) (internal quotations omitted).

To demonstrate deliberate indifference to serious medical needs, a plaintiff must show "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Farrow v. West, 320 F.3d 1235, 1245 (11th Cir. 2003) (citations omitted) (internal quotation omitted). The medical need must be "objectively serious." Taylor v. Adams, 221 F.3d. 1254, 1258 (11th Cir. 2000), cert. denied, 531 U.S. 1077 (2001). "A 'serious medical need' is 'one that is diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the need for medical treatment.' " Pourmoghani-Esfahani v. Gee, 625 F.3d 1313, 1317 (11th Cir. 2010) (quoting Burnette v. Taylor, 533 F.3d 1325, 1330 (11th Cir. 2008). A plaintiff may establish



AO 72A
(Rev.8/82)

deliberate indifference by showing that a prison official failed or refused to provide care for her serious medical condition, delayed care "even for a period of hours," chose "an easier but less efficacious course of treatment," or provided care that was "grossly inadequate" or "so cursory as to amount to no treatment at all." McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999) (internal quotations omitted).

Negligence, however, even rising to the level of medical malpractice, does not constitute deliberate indifference. Id. at 1254; see also Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995) (noting that "[m]ere negligence in diagnosing or treating a medical condition is an insufficient basis" for an Eighth Amendment deliberate indifference claim). Nor does a simple disagreement over a diagnosis or course of treatment constitute deliberate indifference. As long as the medical treatment provided is "minimally adequate," a prisoner's preference for a different treatment does not give rise to a constitutional claim. See Harris v. Thigpen, 941 F.2d 1495, 1504-05 (11th Cir. 1991); see also Adams, 61 F.3d at 1547 (concluding that the medical provider's "failure to administer stronger medication" to a prisoner who subsequently died was "a medical judgment and, therefore, an inappropriate basis for imposing liability under section 1983").

Plaintiff alleges that while at the Rabun County Jail he suffered severe pain for at least nine months as the result of his broken teeth and received either no medication or ineffective medication for his pain, rather than treatment for the underlying problem. The facts Plaintiff alleges suggest something more than a



AO 72A
(Rev.8/82)

mere disagreement over a course of treatment. Accordingly, the Court cannot at this time conclude that his claim of deliberate indifference to a serious medical need is frivolous. See McElligott, 182 F.3d at 1255; see also Gee, 625 F.3d at 1317 ("Deliberate indifference may result not only from failure to provide medical care at all, but also from excessive delay: 'Even where medical care is ultimately provided, a prison official may nonetheless act with deliberate indifference by delaying the treatment of serious medical needs.' " (quoting McElligott, 182 F.3d at 1255)).

## IV. Disposition, Service of Process, and Related Matters

For the foregoing reasons, the Court finds that Plaintiff has alleged a viable cause of action under § 1983 for deliberate indifference to a serious medical need. **IT IS ORDERED** that his claim is **ALLOWED TO PROCEED** as in any other civil action. The Clerk **SHALL** send Plaintiff a USM 285 form and summons for the sole Defendant, Nurse Turner. Plaintiff **SHALL** complete the USM 285 form and summons and return the forms to the Clerk of Court within twenty (20) days of the entry date of this Order. Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action. The Clerk **SHALL** resubmit this action to the undersigned if Plaintiff fails to comply.

Upon receipt of the forms, the Clerk **SHALL** prepare a service waiver package for the Defendant. The service waiver package must include two (2) Notice of Lawsuit and Request for Waiver of Service of Summons forms (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an

envelope addressed to the Clerk of Court with adequate first class postage for return of the waiver form, one (1) copy of the complaint, and one (1) copy of this Order. The Clerk **SHALL** retain the USM 285 form and summons.

Upon completion of a service waiver package for the Defendant, the Clerk **SHALL** complete the lower portion of the Notice of Lawsuit and Request for Waiver form and mail a service waiver package to the Defendant. Defendants have a duty to avoid unnecessary costs of serving the summons. If the Defendant fails to comply with the request for waiver of service, she must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event the Defendant does not return an executed Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver package is mailed, the Clerk **SHALL** prepare and transmit to the U.S. Marshal's Service a service package for her. The service package must include the USM 285 form, the summons, and one (1) copy of the complaint. Upon receipt of the service package(s), the U.S. Marshal's Service **SHALL** personally serve the Defendant. The executed waiver form or the completed USM 285 form **SHALL** be filed with the Clerk.

Plaintiff **SHALL** serve upon each Defendant or each Defendant's counsel a copy of every additional pleading or other document that is filed with the Clerk of Court. Each pleading or other document filed with the Clerk **SHALL** include a certificate stating the date on which an accurate copy of that paper was mailed to

each Defendant or each Defendant's counsel. This Court will disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

Plaintiff also **SHALL** keep the Court and each Defendant advised of his current address at all times during the pendency of this action. Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

Prisoner civil rights cases are automatically assigned to a zero-month discovery track. If any party determines that discovery is required, that party must, within thirty days after the Defendant's first appearance by answer, file a motion requesting a discovery period.

Plaintiff seeks appointment of counsel due to his lack of understanding of the law. [Doc. 17]. However, the Court does not find that the facts or issues in this case are so complex as to warrant appointment of counsel at this time. See Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993) (noting that appointment of counsel in civil cases is "a privilege justified only by exceptional circumstances, such as the presence of facts and legal issues . . . so novel or complex as to require the assistance of a trained practitioner") (internal quotations omitted); see also Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987) (applying same principles to "prisoner pursuing a section 1983 action, [who] has no absolute constitutional right to the appointment of counsel"). Accordingly, Plaintiff's motion for appointment of counsel [Doc. 17] is **DENIED**.

**SO ORDERED and DIRECTED** this 11th day of May, 2012.

*Susan S. Cole*

SUSAN S. COLE
United States Magistrate Judge



AO 72A
(Rev.8/82)