**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| **BRYAN ADAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| **vs.** | ) | **2:10-cv-60-RWS-JCF** |
| | ) | |
| **ELIZABETH TURNER, LPN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER OF DEFENDANT ELIZABETH TURNER, LPN

Defendant Elizabeth Turner, LPN ("Nurse Turner"), hereby submits the following Answer and Affirmative Defenses to the Complaint and Amended Complaint of Plaintiff Bryan Adams ("Mr. Adams"), showing the Court as follows:

## FIRST DEFENSE

Nurse Turner was acting under color of state law and performing discretionary functions and, as such, is entitled to qualified immunity.

## SECOND DEFENSE

Mr. Adams' claims are barred in whole or in part by the doctrines of contributory and/or comparative negligence.

**THIRD DEFENSE**

To the extent that Adams' Complaint and Amended Complaint make a request for punitive damages, the award of punitive damages in a civil rights case, where a plaintiff is entitled to recover costs and attorney's fees, constitutes an excessive fine *per se* under the Eighth Amendment to the United States Constitution. Any award of punitive damages would deprive Nurse Turner of due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution where:

a. liability for punitive damages has not been proven beyond a reasonable doubt, or at least by clear and convincing evidence;

b. the award of punitive damages is disproportionate to actual damages; and

c. multiple awards of punitive damages based on the same conduct violate the double jeopardy clause of the Fifth Amendment of the United States Constitution.

**FOURTH DEFENSE**

Mr. Adams' claims are barred by his failure to exhaust his administrative remedies.

**FIFTH DEFENSE**

Mr. Adams' Complaint and Amended Complaint fail to state a claim against Nurse Turner upon which relief may be granted.

**SIXTH DEFENSE**

At all times relevant hereto, the care and treatment rendered to Mr. Adams by Nurse Turner met or exceeded the standard of care practiced by doctors generally under similar circumstances and like-surrounding conditions. Accordingly, there is no basis whatsoever upon which Mr. Adams may recover from Nurse Turner.

**SEVENTH DEFENSE**

Mr. Adams' claims are barred by the intervening, superseding acts of third-parties.

**EIGHTH DEFENSE**

To the extent that Mr. Adams is making professional claims of negligence arising out of the medical treatment provided to him by Nurse Turner, Mr. Adams' claims are barred by his failure to comply with the requirements of O.C.G.A. § 9-11-9.1.

**NINTH DEFENSE**

Mr. Adams' claims are barred by the statute of limitations.

**TENTH DEFENSE**

Mr. Adams failed to properly serve Nurse Turner within 120 days pursuant to Federal Rule of Civil Procedure 4(m), and accordingly, this action should be dismissed.

**ELEVENTH DEFENSE**

Given that Mr. Adams' Complaint and Amended Complaint are narrative in nature, it is not possible to respond separately to each allegation made by Mr. Adams by paragraph number. As such, Nurse Turner now answers Mr. Adams' Complaint as follows:

1.

In response to the general allegations of the handwritten Complaint, Nurse Turner denies that she was deliberately indifferent to any of Mr. Adams' purported serious medical needs, and denies that she failed to render proper treatment to Mr. Adams' alleged dental problems and/or dental pain. Nurse Turner further states that the medical care she rendered to Mr. Adams met or exceeded the standard of care practiced by nurses generally under similar circumstances and like-

surrounding conditions. Nurse Turner denies the remaining allegations contained in Mr. Adams' Complaint.

2.

In response to Section IV of Mr. Adams' Amended Complaint, entitled "Statement of Claim," Nurse Turner denies that she was deliberately indifferent to any of Mr. Adams' purported serious medical needs, and denies that she failed to render proper treatment to Mr. Adams' alleged dental problems and/or dental pain. Nurse Turner further states that the medical care she rendered to Mr. Adams met or exceeded the standard of care practiced by nurses generally under similar circumstances and like-surrounding conditions. Nurse Turner denies the remaining allegations contained in Mr. Adams' Amended Complaint.

3.

Nurse Turner denies each and every allegation contained in Mr. Adams' Complaint and Amended Complaint that is not specifically admitted herein.

**WHEREFORE**, having fully answered Plaintiff Bryan Adams' Complaint and Amended Complaint, Nurse Turner demands that she have judgment in her favor, that all costs be taxed against Mr. Adams, and that Nurse Turner be awarded such other relief as this Court deems just and proper.

Respectfully submitted this 7th day of September, 2012.

**FREEMAN MATHIS & GARY, LLP**

/s/ Shira A. Crittendon
Shira Adler Crittendon
Georgia Bar No. 005425
Laura L. Broome
Georgia Bar No. 452380
*Attorneys for Defendant Elizabeth Turner, LPN*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339
Phone: (770) 818-0000
Fax: (770) 937-9960
Email: scrittendon@fmglaw.com; lbroome@fmglaw.com

# CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), the undersigned counsel hereby certifies that the foregoing brief was prepared in Times New Roman 14-point font, in compliance with Local Rule 5.1(C).

/s/ Shira A. Crittendon
Shira A. Crittendon
Georgia Bar No. 005425
*Attorney for Defendant Elizabeth Turner, LPN*

**FREEMAN MATHIS & GARY, LLP**
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339
Phone: (770) 818-0000
Fax: (770) 937-9960
Email: scrittendon@fmglaw.com

## CERTIFICATE OF SERVICE

This is to certify that on **September 7, 2012**, I electronically filed the foregoing **Answer of Defendant Elizabeth Turner, LPN,** with the Clerk of Court using the CM/ECF system, and that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

Bryan Adams
GDC #279977
Coffee Correctional Facility
PO Box 650
Nicholls, GA 32554

/s/ Shira A. Crittendon
Shira A. Crittendon
Georgia Bar No. 005425
*Attorney for Defendant Elizabeth Turner, LPN*

**FREEMAN MATHIS & GARY, LLP**
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339
Phone: (770) 818-0000
Fax: (770) 937-9960
Email: scrittendon@fmglaw.com